IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ILLYA QUAIN RODDIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 2:17-cv-02912 |
| HAPPY MEXICAN, LLC and | ) | |
| PARKRIDGE PLACE, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ILLYA QUAIN RODDIE, by and through the undersigned counsel, and files this, his Complaint against Defendants HAPPY MEXICAN, LLC and PARKRIDGE PLACE, L.P. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff Illya Quain Roddie (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Memphis, Tennessee

1

(Shelby County).

3.      Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

4.      Plaintiff uses a wheelchair for mobility purposes.

5.      Defendant Happy Mexican, LLC (hereinafter "Happy Mexican") is a Tennessee limited liability company, and transacts business in the state of Tennessee and within this judicial district.

6.      Happy Mexican operates a business located at 6080 Primacy Parkway, Memphis, Tennessee 38119 (also referenced as 1315 Ridgeway Parkway, Memphis, Tennessee 38119), doing business as "Happy Mexican," referenced herein as the "Facility."

7.      Happy Mexican may be properly served with process via its registered agent for service, to wit: Rafael Ramirez, 9398 Forest Wind Drive Collierville, Tennessee 38017-9354.

8.      Happy Mexican is the lessee, sub-lessee, lessor and/or operator of the real property and improvements that are the subject of this action.

9.      Defendant Parkridge Place, L.P. (hereinafter "Parkridge Place") is a Tennessee limited partnership, and transacts business in the state of Tennessee and within this judicial district.

10.     Parkridge Place is the owner and/or operator of the real property and improvements that the Facility is situated upon and is the subject of this action,

referenced herein as the "Property."

11. Parkridge Place may be properly served with process via its registered agent for service, to wit: Earl E. Williams Jr., 825 Valleybrook Drive Memphis, Tennessee 38120.

## FACTUAL ALLEGATIONS

12. On or about December 9, 2017, Plaintiff was a customer at "Happy Mexican Restaurant" and also attempted to utilize the restroom at the Facility.

13. Plaintiff lives in the near vicinity of the Facility and Property.

14. Plaintiff's access to the businesses located at 1315 Ridgeway Road, Memphis, Tennessee 38119 (also referenced as 6080 Primacy Parkway, Memphis, Tennessee 38119), Shelby County Property Appraiser's parcel number 081004 00036 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

15. Plaintiff intends to visit the Facility and Property within six (6) months, or sooner, to purchase goods.

16. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six (6) months, or sooner, once the Facility and Property are accessible again.

17. In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

18. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

19. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to

      compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

20.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

      * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

21.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

22.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.    The Facility is a public accommodation and service establishment.

24.    The Property is a public accommodation and service establishment.

25.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

27. The Facility must be, but is not, in compliance with the ADA and ADAAG.

28. The Property must be, but is not, in compliance with the ADA and ADAAG.

29. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

33. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a) ACCESSIBLE ELEMENTS:**

(i) The accessible parking space on the Property most proximate to the "Five Guys" portion of the Facility has a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards and is not level.

(ii) The access aisle adjacent to the accessible parking space on the Property most proximate to the "Five Guys" portion of the Facility is

not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(iii) The access aisle adjacent to the accessible parking space on the Property most proximate to the "Five Guys" portion of the Facility has a cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards and is not level.

(iv) The side flares of the accessible ramp on the Property most proximate to the "Five Guys," portion of the Facility have a slope in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(v) The Property lacks an accessible route connecting all accessible facilities, accessible elements and/or accessible spaces of the Property, in violation of section 206.2.2 of the 2010 ADAAG standards.

(vi) The accessible parking spaces most proximate to the "Happy Mexican" portion of the Property are not located on the shortest accessible route from said accessible parking spaces to the accessible entrance(s) of the Facility, in violation of section 208.3.1 of the 2010 ADAAG Standards.

(vii) An accessible parking space proximate to the "Happy Mexican" portion of the Property has storm drains within its boundaries that

have slits that are wider than ½ (one-half) inch, in violation of section 302.3 of the 2010 ADAAG standards.

(viii) An accessible parking space proximate to the "Happy Mexican" portion of the Property has a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards and is not level.

(ix) The Property has a curb ramp with a slope exceeding 1:10 (one to ten), in violation of section 405.2 of the 2010 ADAAG standards. The side flares of said ramp also have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(x) The "Happy Mexican" portion of the Facility lacks at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(xi) The doorway leading to the restrooms in the "Happy Mexican" portion of the Facility is not wide enough, in violation of section 404.2.3 of the 2010 ADAAG standards.

(xii) When leaving the restrooms in the "Happy Mexican" portion of the Facility, the double doors providing such exit lack appropriate

    minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(xiii) There are changes in level in the "Happy Mexican" portion of the Facility exceeding ½ (one-half) inch that are not ramped, in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there are steps leading to the bar area that render the bar area inaccessible to disabled patrons.

**(b) RESTROOMS:**

(i) There is a vertical rise exceeding ½ (one-half) inch at the threshold to the door leading to the restrooms in the "Happy Mexican" portion of the Facility, in violation of section 404.2.5 of the 2010 ADAAG standards.

(ii) The accessible toilet stall doors in the restrooms in in the "Happy Mexican" portion of the Facility are too narrow and/or otherwise violate section 604.8.1.2 of the 2010 ADAAG standards.

(iii) There is inadequate clear turning space in the accessible toilet stalls in the "Happy Mexican" portion of the Facility, in violation of section 603.2.1 of the 2010 ADAAG standards.

(iv) The accessible toilet stalls in the restrooms in the "Happy Mexican" portion of the Facility have grab bars adjacent to the commodes therein that are not in compliance with section 604.5 of the 2010 ADAAG standards, as the rear grab bar is too short.

    (v)    The accessible toilet stall doors in the restrooms in the "Happy Mexican" portion of the Facility are not self-closing and/or otherwise violate section 604.8.2.2 of the 2010 ADAAG standards.

    (vi)    The coat hook located in the accessible toilet stalls in the restrooms in the "Happy Mexican" portion of the Facility are above 48" (forty-eight inches) from the finished floor, in violation of section 308.2.1 of the 2010 ADAAG standards.

    (vii)    The paper towel dispensers in the restrooms in the "Happy Mexican" portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

    (viii)    The height of the urinal in the men's restroom in the "Happy Mexican" portion of the Facility exceeds the maximum permissible height set forth in section 605.2 of the 2010 ADAAG standards.

34. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

35. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

36. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out

without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

40. Upon information and good faith belief, the Facility and Property have been altered since 2010.

41. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

42. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

43. Plaintiff's requested relief serves the public interest.

44. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

45. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

46. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Happy Mexican in violation of the ADA and ADAAG;

(b) That the Court find Parkridge Place in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: December 18, 2017.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Ehrlich & Schapiro, LLC

1123 Zonolite Road, N.E., Suite 8-B  
Atlanta, Georgia 30306  
Tel: (404) 365-4460  
Fax: (855) 415-2480  
craig@ehrlichlawoffice.com